1 | Malosack Berjis (SBN 282576)
2 | **BERJIS | MYERS**
520 South Grand Avenue, Suite 665
3 | Los Angeles, California 90071
Telephone: (213) 293-9491
4 | Facsimile: (213) 293-9497
Malosack@Lawyer.com

5 | Attorneys for Plaintiff
CHANGE NIKKOL DENOVO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCE NIKKOL DENOVO, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. 42 U.S.C. § 1983—Illegal Detention |
| COUNTY OF LOS ANGELES, a public entity; SHERIFF JAMES MCDONNELL, in his individual and official capacities; DEPUTY JANE DOE, in her individual and official capacities; DEPUTY JOHN DOE, in his individual and official capacities; and, DOES 3 through 10, inclusive, Jointly and Severally, | 2. 42 U.S.C. § 1983—False Arrest |
| | 3. 42 U.S.C. § 1983—Conspiracy |
| | 4. 42 U.S.C. § 1983—Municipal and Supervisory Liability |
| | 5. 42 U.S.C. § 1985(3)—Conspiracy |
| | 6. California Civil Code § 52.1—Violation of Bane Act |
| | 7. Negligent Hiring, Training, Supervision and Retention |
| | 8. Civil Conspiracy |
| | 9. False Arrest and Imprisonment |
| Defendants. | 10. Intentional Infliction of Emotional Distress |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her attorney, Malosack Berjis, for her Complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1.    This civil action, seeking damages from Defendants, for the deprivation of Plaintiff's rights afforded under the United States Constitution and the laws of the State of California, is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  Accordingly, jurisdiction of this Court over this action is founded on 28 U.S.C. §§ 1331, 1343 and 1367, as well as any applicable pendant state law claims.

2.    Venue is proper in this Court, under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events and occurrences giving rise to this action occurred in, the Central District of California.

## PARTIES

3.    Plaintiff CHANCE NIKKOL DENOVO   (hereinafter "Plaintiff") is a resident of the County of Wayne, State of Michigan.

4.    At all relevant times herein mentioned, Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is a municipality duly organized and operating under the laws of the State of California.  The Los Angeles County Sheriff's Department ("LASD"), which employs and/or is responsible for the other defendants in this action, is an agency of Defendant COUNTY.

5.    At all relevant times herein mentioned, Defendant SHERIFF JIM MCDONNELL (hereinafter "MCDONNELL") was employed, by Defendant COUNTY, as the Sheriff of COUNTY, and was acting within the course and scope of that employment.   As Sheriff, MCDONNELL was a policy-making official for COUNTY with the power to make official and final policy for the LASD. MCDONNELL is being sued in his individual and official capacities.

6.    At all relevant times herein mentioned, Defendant DEPUTY JANE DOE (hereinafter "JANE") was employed, by Defendant COUNTY, as a deputy sheriff with the LASD, and was acting within the course and scope of that employment.   JANE is being sued in her individual and official capacities.

**COMPLAINT FOR DAMAGES**

7.     At all relevant times herein mentioned, Defendant DEPUTY JOHN DOE (hereinafter "JOHN") was employed, by Defendant COUNTY, as a deputy sheriff with the LASD, and was acting within the course and scope of that employment.  JOHN is being sued in his individual and official capacities.

8.     Plaintiff does not know the true names of Defendants DOES 3 through 10, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an employee/agent of Defendant COUNTY, and at all material times acted within the course and scope of that relationship.  DOES 3 through 10, inclusive, are being sued in their individual and official capacities.

9.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully and/or otherwise responsible in some manner for the events, conduct and liabilities as hereafter described, and proximately caused damages, including emotional harm, to Plaintiff.  Further, one or more DOE Defendants was at all relevant times herein mentioned responsible for the hiring, training, supervision, and discipline of the individual Defendants.

10.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all relevant times herein mentioned an agent, servant, employee, partner, joint venturer, co-conspirator and/or alter ego of the remaining Defendants, and in committing the actions and/or omissions herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent (actual or implied), aid and assistance to each of the remaining Defendants, and ratified and/or authorized the actions and/or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11.  Each Defendant, at all relevant times herein mentioned, was engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other

harm.

12.   Each Defendant's actions and/or omissions, at all relevant times herein mentioned, were under color of the laws, statutes, ordinances, and regulations of Defendant COUNTY.

13.   The actions and/or omissions of Defendants MCDONNELL, JANE, JOHN, and DOES 3 through 10, inclusive, at all relevant times herein mentioned, were pursuant to the actual customs, policies, practices, and procedures of Defendant COUNTY and the LASD.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.   On May 30, 2017, at approximately 5:10 p.m., Plaintiff was driving her 2016 Mazda 6 ("the Mazda" or "Plaintiff's vehicle") down Wilmington Avenue, just north of West El Segundo Boulevard, in Compton, California, when Defendants JANE and JOHN, traveling in a marked LASD patrol vehicle, with plate number 1373955, initiated a traffic stop on the Mazda for no apparent lawful reason.

15.   Plaintiff is an African-American female.   At all relevant times herein mentioned, Plaintiff's complexion and physical characteristics were consistent with her race.   At all relevant times herein mentioned, Defendants JANE and JOHN appeared to Plaintiff to be Caucasian.

16.   Defendant JANE, a female deputy with blond hair and blue eyes, was in the driver's seat of the patrol vehicle, while her partner, Defendant JOHN, a bald male deputy who told Plaintiff that his name was "Deputy Bolton" and that he was "the only Deputy Bolton in the department," was in the front passenger seat.

17.   After exiting the patrol car, Defendant JANE approached the driver side of Plaintiff's vehicle, while Defendant JOHN approached the passenger side of the Mazda.

18.   Defendant JANE instructed Plaintiff not to move, but only to tell the deputy where Plaintiff's driver's license and insurance were located, at which time Plaintiff advised JANE that her driver's license was in her wallet in her back pocket and that her insurance was in the sun visor above her.

19.   Defendant JANE directed Plaintiff to get both her driver's license and her insurance and show them to JANE, to which Plaintiff complied.

20.   While accessing her driver's license which was located behind her military identification card in her wallet, Plaintiff advised Defendant JANE that she was a sailor currently on leave with the United States Navy.

21.   Upon learning that Claimant is a service member, Defendant JANE ordered Plaintiff to show JANE her military identification card, which Plaintiff handed to her. After viewing Plaintiff's military identification card, JANE proceeded to tell Plaintiff that she was lying, since JANE had served in the military for 10 years and knew, for a fact, that people, with as many tattoos as Plaintiff had, were not allowed in the military, and that Plaintiff's appearance was not befitting the military.

22.   Shocked and confused by Defendant JANE's comments, Plaintiff inquired as to why she had been pulled over, to which JANE responded that it was because Plaintiff's vehicle did not have a license plate.

23.   Plaintiff explained that she had recently been transferred from Guam and stationed in San Diego, and was waiting to receive a California plate, and proceeded to direct Defendant JANE to the conspicuous, red temporary operating permit that was taped to the Mazda's back window (pursuant to the Department of Motor Vehicle's instructions), which had a big, white "7" on it, indicating that it did not expire until July (*i.e.*, the seventh month of the year).

24.   Yet, Defendant JANE continued to accuse Plaintiff of lying, while also asking her multiple, irrelevant, military-related questions, and took it one step further by demanding that Plaintiff provide JANE with the telephone number for Plaintiff's command.

25.   After obtaining Plaintiff's command's phone number, Defendant JANE walked away from Plaintiff's vehicle.  Completely terrified and unsure of her fate—given the unusual nature of the traffic stop and JANE's misplaced suspicion of Plaintiff—Plaintiff called 911 on her cell phone and told the operator that she was very

afraid and to please send another patrol vehicle to help her.

26.   However, when Plaintiff called 911, Defendant JOHN began screaming at Plaintiff to hang up the telephone, which scared Claimant even more, causing her to plead with the operator to assist her.  JOHN, then, went around to the driver's side of Plaintiff's vehicle and ordered Plaintiff out of the Mazda.

27.   Immediately after Plaintiff exited the Mazda, Defendant JOHN handcuffed Plaintiff and walked her over to the patrol vehicle, forcibly having her stand against it, and told Plaintiff that she did not have a right to call 911.  Utterly embarrassed—since, at least one person whom Plaintiff personally knew had driven by and witnessed her handcuffed and standing against the patrol vehicle—trembling, and hurting from the painfully tight handcuffs around her wrists, Claimant broke down into tears.

28.   Subsequently, Defendant JANE walked over to Plaintiff, at which time Plaintiff told JANE that she could also call Plaintiff's leading petty officer, which is the equivalent to her supervisor.  JANE asked Plaintiff for his telephone number, to which Plaintiff responded that it was in the contacts in her cell phone (which was in the Mazda).  JANE went to Plaintiff's vehicle where she retrieved Plaintiff's cell phone and, upon learning the leading petty officer's name, dialed his number, and proceeded to once again walk away.

29.   After nearly 30 minutes in handcuffs, and Defendant JANE speaking to Plaintiff's superior, JANE then accused Plaintiff of behaving unprofessionally and asserted that she and Defendant JOHN had not harassed Plaintiff (although, at no point during the entire incident, did Plaintiff ever make such a claim).  JANE concluded her berating by informing Plaintiff that she was not going to give her a citation because she was in the military, yet had Plaintiff not been a service member, JANE would have "thrown everything in the book at [Plaintiff], starting with not having a [vehicle license] plate."  Then, Defendant JOHN finally removed the handcuffs from Plaintiff's wrists.

30.   Throughout the entire incident, Plaintiff asked Defendants JANE and JOHN several times why they were not running her information or simply checking her

registration, to which she either received no response or JANE's repeated answer that Plaintiff had been pulled over because the Mazda did not have a license plate.

31.   Defendants JANE and JOHN's stop and seizure of Plaintiff were done without reasonable suspicion that a crime or traffic violation had been or was being committed by Plaintiff, or probable cause to arrest Plaintiff.

32.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants JANE and JOHN stopped, detained, and illegally arrested Plaintiff solely on the basis of Plaintiff's race and color.

33.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the stopping of the Mazda, the detention of Plaintiff, and the illegal arrest of Plaintiff were the result of racial profiling practiced by Defendant COUNTY and the LASD.

34.   The actions and/or omissions of each Defendant deprived Plaintiff of her rights under the United States Constitution, as well as the laws of the United States and the State of California.

35.   At all relevant times herein mentioned, the actions and/or omissions of each Defendant was intentional, wanton and/or willful, malicious, reckless, oppressive, and objectively unreasonable.

36.   As a direct and proximate result of each Defendants' actions and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others: medical costs; pain and suffering, including, but not limited to, severe emotional distress, embarrassment, extreme mental anguish, shock, anxiety, nervousness, humiliation, fear, apprehension, shame, loss of liberty and enjoyment of life; and, violations of her cherished constitutional rights.

37.   Pursuant to California Government Code §§ 910, *et seq.*, Plaintiff timely filed her claim for damages, with Defendant COUNTY, on November 30, 2017. COUNTY rejected that claim and allegedly mailed its denial of Plaintiff's written notice of claim on January 26, 2018.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Illegal Detention

[Against Defendants JANE and JOHN]

38.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above with the same force and effect as if fully set forth herein.

39.  By the acts described above, Defendants JANE and JOHN deprived Plaintiff of her clearly-established and well-settled constitutional rights to be free from unreasonable seizures and racial profiling, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

40.  Defendants JANE and JOHN violated Plaintiff's constitutional rights against unreasonable seizures and racial profiling by:

   a.  Illegally stopping and detaining Plaintiff without reasonable suspicion or lawful basis whatsoever; and

   b.  Effectuating a racially-motivated stop and detention because Plaintiff is African-American.

41.  As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above, and is entitled to compensatory damages against these defendants.

42.  The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary and punitive damages against these defendants.

43.  By reason of the unconstitutional acts of Defendants JANE and JOHN, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit, in this action, pursuant to 42 U.S.C. § 1988.

///

///

**COMPLAINT FOR DAMAGES**

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – False Arrest

[Against Defendants JANE and JOHN]

44. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 above with the same force and effect as if fully set forth herein.

45. By the acts described above, Defendants JANE and JOHN deprived Plaintiff of her clearly-established and well-settled constitutional right to be free from unreasonable seizures and racial profiling, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

46. Defendants JANE and JOHN violated Plaintiff's constitutional right against unreasonable seizures and racial profiling by:

   a. Falsely arresting Plaintiff without probable cause or a warrant; and

   b. Effectuating a racially-motivated arrest because Plaintiff is African-American.

47. As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above, and is entitled to compensatory damages against these defendants.

48. The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary and punitive damages against these defendants.

49. By reason of the unconstitutional acts of Defendants JANE and JOHN, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit, in this action, pursuant to 42 U.S.C. § 1988.

///

///

///

### THIRD CLAIM FOR RELIEF

### Conspiracy (42 U.S.C. § 1983)

[Against Defendants JANE and JOHN]

50.  Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above with the same force and effect as if fully set forth herein.

51.  By the acts described above, Defendants JANE and JOHN conspired to, and in fact did, deprive Plaintiff of her clearly-established and well-settled constitutional rights to be free from unreasonable seizures and racial profiling, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

52.  Based on information and belief, Defendants JANE and JOHN acted jointly in concert to engage in the following overt acts, in furtherance of the conspiracy, which resulted in a deprivation of Plaintiff's constitutional rights:

>   a.  Illegally stopping, detaining, and arresting Plaintiff without reasonable suspicion or probable cause; and
>
>   b.  Effectuating a racially-motivated stop, detention, and arrest based on Plaintiff's race and color.

53.  As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above, and is entitled to compensatory damages against these defendants.

54.  The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary and punitive damages against these defendants.

55.  By reason of the unconstitutional acts of Defendants JANE and JOHN, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit, in this action, pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Municipal and Supervisory Liability

[Against Defendants COUNTY, MCDONNELL, and DOES 3 through 10]

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 55 above with the same force and effect as if fully set forth herein.

57. The allegations, as set forth below, are likely to have evidentiary support after a reasonable opportunity for discovery (or further investigation).

58. Based on information and belief, at the time of Defendants JANE and JOHN's constitutional violations against Plaintiff, Defendants COUNTY, MCDONNELL, and DOES 3 through 10, along with the LASD and COUNTY's supervising and managerial employees, agents and representatives, acting with deliberate indifference to the rights of Plaintiff, and of the public in general, knowingly maintained, enforced, applied, directed, encouraged and/or permitted, the following customs, policies, practices, and/or procedures:

    a. Failing to adopt policies necessary to prevent constitutional violations, including, but not limited to, illegal detentions and/or false arrests;

    b. Engaging in or tolerating unreasonable seizures and arrests without reasonable suspicion or probable cause;

    c. Failing to institute, require, and/or enforce proper and adequate training, supervision, policies, and procedures concerning:

        i. racial profiling and racial discrimination; and

        ii. seizures and arrests.

    d. Engaging in or tolerating racial profiling and differential treatment when conducting a seizure based on a person's race;

    e. Allowing, tolerating, and/or encouraging deputy sheriffs to use their status and authority as law enforcement officers to:

        i. illegally detain people without reasonable suspicion; and

        ii. falsely arrest people without probable cause;

f.  Failing to adequately train deputy sheriffs on the proper exercise of police powers and in the limitations of their conduct as required by the law;

g.  Allowing, tolerating, and/or encouraging a "code of silence" among deputy sheriffs for the purpose of concealing wrongful and illegal conduct by fellow deputies; and

h.  Using or tolerating inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of deputy misconduct, including claims made under California Government Code §§ 910, *et seq.*

59.  Defendants COUNTY, MCDONNELL, and DOES 3 through 10 failed to properly hire, train, instruct, monitor, supervise, retain, and evaluate Defendants JANE and JOHN, as well as other LASD personnel employed by or acting on behalf of COUNTY, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

60.  The aforementioned customs, policies, practices, and procedures, as well as the failure to properly and adequately hire, train, instruct, monitor, supervise, and evaluate, by Defendants COUNTY, MCDONNELL, and DOES 3 through 10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as more fully set forth above.

61.  As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants, Plaintiff sustained damages, including emotional harm, and is entitled to compensatory damages against Defendants COUNTY, MCDONNELL, and DOES 3 through 10.

62.  Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, doing so knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff and others would be violated by their actions and/or omissions, and therefore warrants the imposition of exemplary and punitive damages against Defendants MCDONNELL and DOES 3 through 10.

63.   By reason of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit, in this action, pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1985(3) – Conspiracy (42 U.S.C. § 1985(3))

[Against Defendants JANE and JOHN]

64.   Plaintiff repeats and realleges each and every allegation set forth paragraphs 1 through 63 above with the same force and effect as if fully set forth herein.

65.   By the acts described above, Defendants JANE and JOHN conspired to, and in fact did, deprive Plaintiff of her clearly-established and well-settled constitutional rights to be free from unreasonable seizures and racial profiling, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1985.

66.   Based on information and belief, Defendants JANE and JOHN conspired for the purpose of depriving Plaintiff, an African American, of the equal protection of the laws, or of equal privileges and immunities under the laws, by committing the following acts, in furtherance of the conspiracy, which resulted in a deprivation of Plaintiff's constitutional rights:

     a.   Illegally stopping, detaining, and arresting Plaintiff without reasonable suspicion or probable cause; and

     b.   Effectuating a racially-motivated stop, detention, and arrest based on Plaintiff's race and color.

67.   As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above, and is entitled to compensatory damages against these defendants.

68.   The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's

rights, and therefore warrants the imposition of exemplary and punitive damages against these defendants.

69.   By reason of the unconstitutional acts of Defendants JANE and JOHN, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit, in this action, pursuant to 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

### California Civil Code § 52.1 – Violation of Bane Act

[Against Defendants COUNTY, JANE, and JOHN]

70.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 69 above with the same force and effect as if fully set forth herein.

71.   By the acts described above, Defendants JANE and JOHN violated Plaintiff's rights under California Civil Code § 52.1, as well as the following clearly-established and well-settled rights under the United States Constitution and the California Constitution:

   a. The right to be free from unreasonable seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right to be free from racial profiling and racial discrimination, as secured by the Fourth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from unlawful and unreasonable seizures of one's person and property, as secured by the California Constitution, Article 1, Section 13;

   d. The right to equal protection of the law, as secured by the California Constitution, Article 1, Section 7; and

   e. The right to protection from bodily restraint, as secured by California Civil Code § 43.

///

72.   Defendants JANE and JOHN's violation of California Civil Code § 52.1, as well as Plaintiff's foregoing constitutional and statutory rights, was, in part, because of Plaintiff's race.

73.   Defendants JANE and JOHN's volitional act of using their authority as law enforcement officers to effectuate a stop, detention, and arrest of Plaintiff constitutes interference by threat, intimidation or coercion, since JANE and JOHN lacked reasonable suspicion to initiate the stop, maintain the detention, and probable cause to arrest Plaintiff.

74.   As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above.

75.   Defendants JANE and JOHN's conduct was a substantial factor in causing Plaintiff's damages, including emotional harm.

76.   The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary damages as to these defendants, pursuant to California Civil Code § 52(b)(1).

77.   Defendant COUNTY is vicariously liable, for the damages sustained by Plaintiff, pursuant to California Government Code § 815.2, which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee."

78.   Thus, Plaintiff is entitled to compensatory damages and civil penalties, against Defendants COUNTY, JANE and JOHN, for JANE and JOHN's violations of Plaintiff's rights as guaranteed by California Civil Code § 52.1, as well as punitive damages against JANE and JOHN.

79.   By reason of Defendants JANE and JOHN's violations of Plaintiff's rights, Plaintiff was forced to retain counsel to represent her to vindicate her rights, and thus, Plaintiff is entitled to an award of reasonable attorney's fees, in this action, pursuant to

California Civil Code §§ 52.1(h) and 52(b)(3).

## SEVENTH CLAIM FOR RELIEF

### Negligent Hiring, Training, Supervision and Retention

[Against Defendants COUNTY, MCDONNELL, and DOES 3 through 10]

80.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 79 above with the same force and effect as if fully set forth herein.

81.   Defendant COUNTY's employees, Defendants JANE and JOHN, were unfit and incompetent to perform the work for which they were hired.

82.   Defendant COUNTY's employees, including Defendants MCDONNELL and DOES 3 through 10, knew or should have known that COUNTY's employees, Defendants JANE and JOHN, were unfit and incompetent and that this unfitness or incompetence created a particular risk to others.

83.   As a direct and proximate result of Defendants JANE and JOHN's unfitness and incompetence, Plaintiff sustained damages, including emotional harm, as set forth above.

84.   The negligence of Defendants MCDONNELL and DOES 3 through 10 in hiring, training, supervising and retaining Defendant COUNTY's employees, Defendants JANE and JOHN, was a substantial factor in causing Plaintiff's damages, including emotional harm, and is entitled to compensatory damages against these defendants.

85.   Defendant COUNTY is vicariously liable, for the damages sustained by Plaintiff, pursuant to California Government Code § 815.2, which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee."

///

///

///

///

# EIGHTH CLAIM FOR RELIEF

## Civil Conspiracy

### [Against Defendants COUNTY, JANE, and JOHN]

86. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 85 above with the same force and effect as if fully set forth herein.

87. Based on information and belief, Defendants JANE and JOHN agreed to commit the following wrongful acts in furtherance of a conspiracy:

    a. Illegally stopping, detaining, and arresting Plaintiff without reasonable suspicion or probable cause; and

    b. Effectuating a racially-motivated stop, detention, and arrest based on Plaintiff's race and color.

88. Such an agreement is implied by the conduct of Defendants JANE and JOHN as described above and can also be inferred from the relationship between these defendants as deputy sheriff partners with the LASD.

89. As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above.

90. The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary damages as to these defendants.

91. Defendant COUNTY is vicariously liable, for the damages sustained by Plaintiff, pursuant to California Government Code § 815.2, which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee."

92. Thus, Plaintiff is entitled to compensatory damages against Defendants COUNTY, JANE and JOHN, as well as punitive damages against JANE and JOHN.

///

## NINTH CLAIM FOR RELIEF

### False Arrest and Imprisonment

[Against Defendants COUNTY, JANE, and JOHN]

93.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 92 above with the same force and effect as if fully set forth herein.

94.   Defendants JANE and JOHN intentionally deprived Plaintiff of her freedom of movement by use of their power as deputy sheriffs to unlawfully seize and arrest Plaintiff, when they ordered her to exit the Mazda, then handcuffed her and forcibly had her stand against their patrol vehicle, compelling Plaintiff to stay at the scene of the stop and remain in custody for more than an hour, an appreciable time, however short.

95.   At no time during the events herein mentioned, or at any other pertinent times, did Defendants JANE and JOHN have any facts or information that constituted reasonable suspicion or probable cause that Plaintiff had committed or attempted to commit any crime, traffic violation or other public offense, nor did they have a warrant for the arrest of Plaintiff.

96.   Plaintiff did not consent to the detention or arrest.   The conduct of Defendants JANE and JOHN was neither privileged nor justified under statute or common law.

97.   As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including emotional harm, as set forth above.

98.   Defendants JANE and JOHN's conduct was a substantial factor in causing Plaintiff's damages, including emotional harm.

99.   The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary damages as to these defendants.

///

///

100. Defendant COUNTY is vicariously liable, for the damages sustained by Plaintiff, pursuant to California Government Code § 815.2, which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee."

101. Thus, Plaintiff is entitled to compensatory damages against Defendants COUNTY, JANE and JOHN, as well as punitive damages against JANE and JOHN.

## TENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

[Against Defendants COUNTY, JANE, and JOHN]

102. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 101 above with the same force and effect as if fully set forth herein.

103. The conduct of Defendants JANE and JOHN in illegally stopping, detaining, and arresting Plaintiff without reasonable suspicion or probable cause, and in effectuating a racially-motivated stop, detention, and arrest based on Plaintiff's race and color, was outrageous.

104. Defendants JANE and JOHN intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

105. As a direct and proximate result of Defendants JANE and JOHN's aforesaid acts, Plaintiff sustained damages, including severe emotional distress, as set forth above.

106. Defendants JANE and JOHN's conduct was substantial factor in causing Plaintiff's severe emotional distress.

107. The conduct of Defendants JANE and JOHN was neither privileged nor justified under statute or common law.

///

108. The conduct of Defendants JANE and JOHN was willful, malicious, wanton, oppressive, reckless and/or done with a conscious disregard of Plaintiff's rights, and therefore warrants the imposition of exemplary damages as to these defendants.

109. Defendant COUNTY is vicariously liable, for the injuries sustained by Plaintiff, pursuant to California Government Code § 815.2, which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee."

110. Thus, Plaintiff is entitled to compensatory damages against Defendants COUNTY, JANE and JOHN, as well as punitive damages against JANE and JOHN.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

A. For compensatory damages, under federal and state law, in an amount to be proven at trial;

B. For punitive damages, against the defendants sued individually, in an amount to be proven at trial;

C. For civil penalties pursuant to state statutes;

D. For reasonable attorney's fees pursuant to both federal and state statutes;

E. For pre-judgment interest;

F. For costs of suit; and

G. For such other and further relief as the Court deems just and proper.

///
///
///
///

**COMPLAINT FOR DAMAGES**

///

Dated: July 31, 2018                    Respectfully submitted,
                                        **BERJIS | MYERS**



                                        By: _____/s/ Malosack Berjis_____
                                                  Malosack Berjis
                                                  Attorneys for Plaintiff


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury in the within action.


Dated: July 31, 2018                    Respectfully submitted,
                                        **BERJIS | MYERS**



                                        By: _____/s/ Malosack Berjis_____
                                                  Malosack Berjis
                                                  Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**